·SIEGEL v. 131 WEST FIFTY-EIGHTH STREET CORPORATION.

(Supreme Court, Appellate Term, First Department. December 14, 1914.)

EVIDENCE (§ 471*)—OPINION EVIDENCE—FACTS OR CONCLUSIONS.

   In an action by a person employed to do the work and furnish the materials necessary to remove a violation alleged to have been placed by the building department upon premises owned by defendant, where neither the notice of the violation nor the requirements thereof were given in evidence, plaintiff's testimony that the work done and materials furnished were necessary was a conclusion of the witness, as the facts showing the necessity of the work should have been proved, in order that a conclusion could be drawn therefrom by the court.

   [Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2149–2185; Dec. Dig. § 471.*]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by Max Siegel against the 131 West Fifty-Eighth Street Corporation. From a judgment for plaintiff, entered after the trial by the court, defendant appeals. Reversed, and new trial ordered.

Argued December term, 1914, before GUY, BIJUR, and PAGE, JJ.

Louis Rosenberg, of New York City, for appellant.

Isidor Cohn, of New York City, for respondent.

PAGE, J. The plaintiff testified that he was employed to do the work and furnish the materials necessary to remove a violation alleged to have been placed by the building department upon premises owned by the defendant. Neither the notice of the violation nor the requirements thereof were given in evidence, but the plaintiff was permitted, over due objection, to testify that the work done and materials furnished were necessary. This is the conclusion of the witness, and substitutes his judgment for that of the court. The facts showing the necessity of the work should have been proved, in order that a conclusion could have been drawn therefrom by the court.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.